United States District Court
Northern District of California

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |
| 3 | SAN JOSE DIVISION |

JOSEPH A. TARONI,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

Case No. 5:16-cv-03520-EJD

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

Re: Dkt. No. 24

Plaintiff Joseph A. Taroni obtained a favorable ruling reversing and remanding to the Commissioner of the Social Security Administration a final decision denying his claim for Social Security Disability benefits. Dkt. No. 21. He now moves for an award of fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Dkt. No. 24.

Jurisdiction arises pursuant to 42 U.S.C. § 405(g). This motion is unopposed and suitable for decision without oral argument. Civ. L.R. 7-1(b). The hearing scheduled for February 8, 2018, is therefore VACATED, and the court finds, concludes and orders as follows:

1.     The EAJA requires the court to award to "a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The government has the burden of showing that its position was substantially justified." Gardner v. Berryhill, 856 F.3d 652, 656 (9th Cir. 2017).

Definitions of § 2412(d)(1)(A)'s language provide additional guidance. "The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013). In the context of social security review, the "underlying agency action" is the decision of the

Case No.: 5:16-cv-03520-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

1

Administrative Law Judge ("ALJ"). Id.

"Substantial justification means 'justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable person.'" Id. (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" Id.

"Fees and other expenses" includes reasonable attorney fees "based upon the prevailing market rates for the kind and quality of the services furnished," except that such fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2142(d)(2)(A).

2. Procedurally, an application for fees must be submitted within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B). The application must describe why the party seeking fees is the prevailing party, and must detail "the amount sought, including an itemized statement from any attorney . . . stating the actual time expended and the rate at which fees and other expenses were computed." Id. The moving party must also explain why the position of the United States was not substantially justified. Id.

3. Plaintiff's motion was timely-filed. A "final judgment" for fees under § 2142 "means a judgment that is final and not appealable." Here, the court entered judgment on September 13, 2017. Dkt. No. 22. The judgment became final sixty days later, or on November 13, 2017, upon expiration of the time to file an appeal. Fed. R. App. P. 4(a)(1)(B). This motion, filed on December 13, 2017, was therefore submitted within thirty days of final judgment, consistent with § 2412(d)(1)(B).

4. Plaintiff was the prevailing party in this action because the court issued a judgment reversing the Commissioner's final decision and remanding the matter for further proceedings. Under the EAJA, "attorneys' fees are to be awarded to a party winning a sentence-four remand unless the Commissioner shows that his position with respect to the issue on which the district court based its remand was 'substantially justified.'" Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

5. Having failed to respond to Plaintiff's motion, the Government did not satisfy its burden to show that its position was substantially justified. In any event, the Government would have faced a difficult burden even if it had responded. The Ninth Circuit has observed that when an agency decision is reversed as unsupported by the record, substantial justification under the EAJA will only be found in "decidedly unusual" cases. Campbell v. Astrue, 736 F.3d 867, 868 (9th Cir. 2013).

This was not a "decidedly unusual" case because the ALJ's decision could not withstand basic review. An ALJ's findings may be reversed if not supported by substantial evidence in the record, or if based upon a misapplication of the law. Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001). As the court previously explained, the decision reviewed in this case suffered from both types of deficiency. The Step Three determination that Plaintiff's intellectual disability did not satisfy Listing 12.05(C) was not supported by substantial evidence because the ALJ did not describe clear and convincing reasons to reject the uncontradicted IQ testing result, which placed Plaintiff within the qualifying range for the listing. The Step Four determination that Plaintiff could perform "past relevant work" was incorrect as a matter of law because it was irreconcilable with a contrary finding made at Step One, and it was unsupported by substantial evidence to the extent the ALJ meant to rely on one of the exceptions listed in 20 C.F.R. § 404.1574(b)(3). Similarly, the residual functional capacity found at Step Four was unsupported by substantial evidence because it was unclear from the ALJ's explanation exactly what she relied on to conclude that Plaintiff had a moderate limitation in concentration. Finally, the finding that Plaintiff had a high school education was not supported by substantial evidence because the ALJ's decision did not reflect a complete consideration of the relevant record evidence. For these reasons, the court finds "the underlying agency action giving rise to the civil action" was not substantially justified. Meier, 727 F.3d at 870.

6. Plaintiff requests a total fee award of $4,482.61, which amounts to: (1) 10.5 hours of attorney time in 2016 at an hourly rate of $192.68, (2) 10.55 hours of attorney time in 2017 at an hourly rate of $195.95, and 3.7 hours of paralegal time at an hourly rate of $106.00.

Case No.: 5:16-cv-03520-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

3

The rates for attorney time are at or below the applicable statutory maximum hourly rates under the EAJA when adjusted for increases in the cost of living, as calculated by the Ninth Circuit according to Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005).[1] In addition, the amount of total attorney time spent on this case is appropriate to the issues presented. The court therefore finds that the attorney component of the fees request is reasonable.

Plaintiff did not submit a resume or otherwise detail the qualifications and experience of the paralegal that performed work on this case. Despite this deficiency, the hourly rate Plaintiff applied to paralegal time falls at the low end of the range routinely applied in the Northern District of California. See, e.g., Hernandez v. Lucky Fortune, Inc., No. 16-cv-01775-JCS, 2018 WL 317841, at *3 (N.D. Cal. Jan. 8, 2018). And the amount of time spent by the paralegal was appropriate for the described tasks. As such, the court also finds that the paralegal component of the fees request is reasonable.

In sum, Plaintiff's motion for fees and costs is GRANTED. Plaintiff is entitled to an award of $4,482.61 as reasonable attorney and paralegal fees under the EAJA. Plaintiff is also entitled to reimbursement of the $400.00 filing fee. The court orders Defendant to pay these amounts to Harvey P. Sackett, as Plaintiff's assignee, and orders such payment tendered directly to Mr. Sackett as soon as reasonably possible, but no later than 60 days from the date this order is filed.

**IT IS SO ORDERED.**

Dated: January 30, 2018

EDWARD J. DAVILA
United States District Judge

---

[1] Statutory Maximum Rates Under the Equal Access to Justice Act, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Jan. 29, 2018).

Case No.: 5:16-cv-03520-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS
4